## Case No. 4,229.

DYSON v. DANFORTH et al.

[4 Fish. Pat. Cas. 133.][1]

Circuit Court, D. New Jersey. Oct., 1865.

George Harding, for complainant.

J. H. B. Latrobe, for defendant.

GRIER, Circuit Justice. It would be a tedious, as well as unprofitable, task to attempt a description of a carding machine, and explain the technical phraseology connected with it, or to examine the contradictory and irrelevant testimony exhibited by the record. We shall, therefore, content ourselves with stating the result of a careful examination of its contents.

Nor will it be necessary to decide the question as to the validity of the extended patent of complainant, because of his neglect to pay the sum of fifty dollars, required by the act of congress, at the proper time; as we are of opinion that the respondents have succeeded in establishing the defense alleged in their answer, viz.: That the improvement patented by complainant, after trial, has been abandoned by all who have used it as worthless, and that the improved machines, constructed by defendants under a patent to Gambrill & Burgee, in 1857, do not infringe any claim of complainant's patent of 1849.

It is a great desideratum in carding machines to make the machine clean itself. Previous to the invention patented by complainant, the only mode of obtaining this purpose was the use of a cylinder, made to run near the main cylinder of the engine, and so much faster than it that the teeth moving in the same direction (and not in opposite directions, as in the carding process) would comb out the cotton from the teeth of the main cylinder. But this cylinder, called a stripper, soon became clogged itself, and needed something to clean it in its turn.

The plaintiff's patent of 1849 was the first attempt to remedy this defect. His specification claims that he has invented a new and useful improvement in the carding engine, etc., for the purpose of stripping and cleaning the main cylinder of such carding engines, while running, by a self-acting contrivance.

He states that the principle of his improvement consists in the employment of two cylinders (whose functions are described), "it being a leading principle in said improvement to adjust the number or quantity of teeth in the stripping or cleaning cylinder in such a way as to cause it to remove the strippings in such limited quantities, in each revolution of the main cylinder, as will always enable the latter to deliver a sufficient amount of the carded material to the doffer cylinder, and with due regularity."

In order to accomplish this purpose the stripping cylinder must have "a clothing," forming a perfectly regular spiral fillet of teeth round the whole length of the cylinder, as shown in the drawing. This spiral clothing of the stripper is described as an essential part of the complainant's invention. It is to run uniformly faster than the main cylinder. One of the claims of his patent is the combination of this spirally clothed cylinder with the main cylinder.

He could not claim the use of a completely armed stripper in conjunction with the main cylinder. That device had already been tried and abandoned.

He claims, also, the combination of the above devices with another cylinder called a receiver, employed to receive the strippings from the stripper, and deliver them to the main cylinder. His combination of the three cylinders constitutes the improved automaton, or "self-acting machine," of complainant.

The improvement was used in many factories, and was generally abandoned as useless after a short trial.

The patent of Gambrill & Burgee, of 1857, which has proved successful, owes its

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

success to the happy thought that, if the stripper had the effect of cleaning the main cylinder by its increased velocity, by reversing this condition, the main cylinder might be made to clean the stripper.

The efficiency of the defendant's carding machines is due to the fact that the stripper is driven by mechanism at speeds which are alternately faster and slower than the surface speed of the cylinder, so that the main cylinder and stripper alternately strip each other.

The complainant's patent shows that the patentee was in entire ignorance of the application of this principle of alternate action.

His self-acting machine is described as consisting of these three devices in uniform motion. If the application of this principle, and of devices to render it efficient, had been known to complainant, and only privately revealed to purchasers of licenses, it would be a fraudulent concealment which would void his patent.

Without deciding whether he has succeeded in proving this fact, to which he has produced much testimony, it is sufficient to say that his patent exhibits no device to effect the purpose, and no claim to the discovery of the principle of differential movement.

The attempt to have a surrender and reissue of his patent, so as to cover the invention of defendant's patent, very properly failed in the patent office, where his right to claim the discovery and application of this principle was fully tried in an issue between the parties, and properly and conclusively decided. [See Dyson v. Gambrill, Case No. 4,230.]

Now, the stripper of defendant's machines has a continuous surface of card teeth, and does not infringe the plaintiff's device of spiral belts. It is combined with devices to produce the differential movement, which forms the great and peculiar principle of their machine. It does not infringe the claims of complainant's patent, either in form or in substance.

This conclusion is fully proved and explained in the testimony of Mr. Edward S. Renwick, one of the most able and experienced scientific experts, a reference to which will explain more fully the reasons for our decree.

Complainant's bill is dismissed, with costs.